UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT OLSON, et al.,

    Plaintiffs,

v.

SNOHOMISH COUNTY PUBLIC
TRANSPORTATION BENEFIT AREA, dba
COMMUNITY TRANSIT, et al.,

    Defendants.

CASE NO. C03-3841RSM

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
ORDER OF REMAND

    This matter is before the Court for consideration of defendants' motion for summary judgment (Dkt. # 41). The motion addresses all claims not covered in the prior motion for partial summary judgment (Dkt. # 23), upon which the Court has not yet ruled. For the reasons set forth below, the Court has decided to grant summary judgment on the sole federal claim, decline supplemental jurisdiction over the remaining state law claims, and remand the matter to King County Superior Court for all further proceedings.

**Background**

    This action was filed in King County Superior Court by five individual plaintiffs, raising allegations of intentional injury, age discrimination, disability discrimination, retaliation, and race discrimination. All the claims are brought under Washington statutes only, with the exception of the race discrimination claim of one plaintiff, Mark San Diego. In the amended complaint filed in state court, plaintiffs allege simply that "[Community Transit's] termination of plaintiff San Diego violated Washington's Law Against Discrimination, RCW 49.60, et seq., and Title VII of the Civil Rights Act of

ORDER - 1

1964, 42 U.S.C. sec 2000 et seq., regarding race discrimination and a hostile work environment." Amended Complaint, p. 11. Defendants removed the action to federal court, pursuant to 28 U.S.C. § 1441(a)and (c), on the basis of federal court jurisdiction over the Title VII claim. Plaintiffs then filed a Second Amended Complaint, which is identical to the previous complaint in the Title VII allegation. Second Amended Complaint, p. 11.

Defendants first moved for partial summary judgment on plaintiffs' claims of intentional injury and age and disability discrimination (Dkt. # 23), and then moved for summary judgment as to all remaining claims, including the single race discrimination claim under Title VII. As to that claim, defendants contend they are entitled to summary judgment both on the merits of the claim, and because plaintiff San Diego did not comply with the applicable Title VII statute of limitations. As the statute of limitations issue is dispositive of the Title VII claim, the Court shall address it first.

**Analysis**

Pursuant to statute, an action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). In this circuit, this ninety day period for filing suit is treated as a statute of limitations, subject to equitable tolling and waiver. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986). The record demonstrates that plaintiff's right to sue letter was issued on August 6, 2002, but plaintiff did not file suit until October 20, 2003, more than fourteen months later. Absent a showing of facts which would establish waiver or equitable tolling, then, Mr. San Diego's Title VII claim is time-barred.

In response to defendants' assertion of the statute of limitations bar, plaintiffs have stated no facts which would establish that the ninety-day suit filing period was equitably tolled. Indeed, given that Mr. San Diego had counsel during the EEOC proceedings, and that counsel specifically requested that the Notice of Right to Sue be issued, it would be extremely difficult to make such a showing. *See*, Declaration of Wilkinson, Exhibit 32. Instead, plaintiffs argue that defendants have waived the statute of limitations affirmative defense by failing to properly raise it in the responsive pleadings. However, in answering each iteration of the complaint, defendants clearly asserted as follows:

SIXTH AFFIRMATIVE DEFENSE

ORDER - 2

>To the extent that Plaintiffs' claims are based on alleged conduct that took place outside the relevant limitations period, Plaintiffs' claims are barred by the statute of limitations.

Dkt. # 3, p. 6; Dkt. # 16, p. 6. Plaintiffs apparently contend, without any legal authority or explanation, that this language did not include the Title VII statute of limitations, and therefore defendants waived the affirmative defense. The Court declines to so find. In light of the fact that nowhere in the complaint did plaintiffs actually allege compliance with Title VII's time periods, this language is sufficiently broad to cover Mr. San Diego's failure to act within the statutory ninety-day period.

Even if defendants had failed entirely to state a statute of limitations affirmative defense, it would not necessarily have been waived. The rule in the Ninth Circuit is that a defendant may raise an affirmative defense, including statute of limitations, for the first time in a summary judgment motion if doing so does not result in prejudice to the plaintiff. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (citing *Healy Tibbitts v. Ins. Co. of North America*, 679 F.2d 803 (9th Cir. 1982). Here, plaintiffs do not claim to have been prejudiced by the delay, nor is any prejudice apparent from the record. In *Rivera*, it was sufficient that the appellant had not claimed prejudice. *Id. See also Camarillo*, 998 F.2d at 639 (finding no prejudice where it had not been claimed by plaintiff nor suggested by record). In *Healy Tibbitts*, it was appropriate to find lack of prejudice where both parties knew of the policy exclusion that was the basis of the affirmative defense, and it was discussed in plaintiff's opposition to the summary judgment motion. 679 F.2d at 804. Similarly here, plaintiff San Diego knew of the ninety day requirement because it was explained in his right to sue letter. He has neither offered any basis for equitable tolling of that ninety-day period, nor any prejudice resulting from the Court's consideration of that statute of limitations bar at this time.

The Court rejects without comment plaintiffs' additional argument that defendants waived the statute of limitations affirmative defense by removing this case to federal court. *See*, *Miranda v. Costco Wholesale Corporation*, 168 F. 3d 500 (9th Cir. 1999).

Conclusion

ORDER - 3

The Court finds that plaintiff San Diego's Title VII claim is barred by the applicable statute of limitations, pursuant to 42 U.S.C. § 2000e-5(f)(1). Accordingly, defendants' motion for summary judgment is GRANTED as to the Title VII claim only, and that claim is DISMISSED.

As the Title VII claim was the sole basis for this Court's jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over the remaining claims under state law pursuant to 28 U.S.C. § 1367(c)(3). The general rule is that the district court should relinquish jurisdiction over pendant state law claims when all federal claims have been dismissed before trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Only in exceptional cases will the balance of factors to be considered, such as judicial economy, convenience, fairness, and comity, weigh in favor of the federal court deciding the state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, this Court has not expended sufficient time on this case to warrant incursion into the areas of state law presented here, in which an important state interest is at stake. Remand to plaintiff's chosen forum will not be unfair to either party; the pending motions for summary judgment may be expeditiously put before the state court for resolution without further briefing. In the interest of comity, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 03-2-38230-2SEA. The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

DATED this 12th day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4